UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRISTOPHER STRONG #834816,

        Plaintiff,                                      Hon. Jane M. Beckering

v.                                                   Case No. 1:24-cv-528

UNKNOWN PARTY, et al.,

        Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter is before me on Defendants Cook, Jones, Keebaugh, and Beeler's Motion for Summary Judgment on the Basis of Exhaustion. (ECF No. 21.) Plaintiff has failed to respond to Defendants' motion within the time permitted by Western District of Michigan Local Civil Rule 7.2(c).[1] Pursuant to 28 U.S.C. § 636(b)(1)(B), I recommend that the Court **grant** the motion and **dismiss** Plaintiff's claims against these Defendants **without prejudice** for lack of exhaustion.

Plaintiff, who is currently incarcerated with the Michigan Department of Corrections (MDOC) at Earnest C. Brooks Correctional Facility, filed a complaint against several MDOC employees on May 22, 2024, alleging claims pursuant to 42 U.S.C. § 1983 based on events that occurred at Ionia Correctional Facility (ICF) while Plaintiff was housed there in December 2022. Following the Court's initial review pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A, and 42 U.S.C. § 1997e(c), Plaintiff's remaining claims are his individual capacity Eighth Amendment conditions

---

[1] Although Plaintiff is proceeding pro se, he is still expected to comply with the applicable court rules. *See Strohmeyer v. Chase Bank USA, N.A.*, No. 3:17-cv-443, 2018 WL 2669991, at *2 (E.D. Tenn. June 4, 2018) ("It is correct that pro se parties are expected to comply with the rules of procedure just as parties represented by counsel must do."); *Jones v. Graley,* No. 2:05-cv-773, 2006 WL 1697637, at *1 (S.D. Ohio June 20, 2006) (although federal courts have treated pro se litigants more leniently, they "are still expected to comply with the procedural rules of the court").

of confinement claims against Defendants Unknown Party, Cook, Jones, Keebaugh, and Beeler. (ECF No. 10 at PageID.57–58.)

Plaintiff alleges that on December 24, 2022, inmate Johnson, the inmate in the cell next to his cell, rubbed feces and urine "all over his cell window and on his cell floor." (ECF No. 1 at PageID.6–7.) During the second shift, Plaintiff asked Defendant Unknown Party if he could get Johnson's and his cells cleaned up, but his request was denied. (*Id.* at PageID.8.) Later that day, around 6:40 p.m., inmate Jonson flooded his cell, which caused water containing feces and urine to come into Plaintiff's cell. Plaintiff reported the incident to Defendant Unknown Party and asked for cleaning supplies and to be removed from his cell. Defendant Unknown Party told Plaintiff that he would "see what he could do," but he never brought Plaintiff cleaning supplies or removed Plaintiff from his cell. (*Id.* at PageID.8–9.)

At some point, inmate Johnson's other neighbor took his food slot hostage due to the feces and urine filled water that had also flooded from inmate Johnson's cell into his cell, and Defendants Cook and Jones responded to this issue. (*Id.* at PageID.9–10.) Plaintiff then informed Defendants Cook and Jones that his cell was also "contaminated with feces and urine," and asked to be removed from his cell or to receive cleaning supplies. (*Id.* at PageID.10.) Defendants Cook and Jones denied Plaintiff's requests. (*Id.*)

Later during third shift, Plaintiff stopped Defendant Keebaugh and made the same request to him that he had made to the other Defendants, but Defendant Keebaugh explained that he could not open slots or doors on third shift. (*Id.* at PageID.11.) "Plaintiff then stopped Defendant C/O Beeler and informed him that [Plaintiff was] having headaches and chest pains and he just vomited because [of] the feces [and] urine" in the cell. (*Id.* at PageID.11–12.) Plaintiff again asked for cleaning supplies and to be removed from the cell, and Plaintiff also asked to see nursing staff. (*Id.*

2

at PageID.12.) In response, Defendant Beeler told Plaintiff that he was unable to open slots or doors on third shift. (*Id.*) Plaintiff alleges that he "endured these conditions for nearly 18 hours." (*Id.*)

Defendants Cook, Jones, Keebaugh, and Beeler move for summary judgment based on Plaintiff's failure to exhaust his administrative remedies. Generally, where the non-moving party fails to respond to a motion for summary judgment, "the district court must, at a minimum, examine the moving party's motion for summary judgment to ensure that it has discharged its initial burden." *Miller v. Shore Fin. Servs., Inc.*, 141 F. App'x 417, 419 (6th Cir. 2005) (citing *Stough v. Mayville Cmty. Sch.*, 138 F.3d 612, 614 (6th Cir. 1998)). In addition, because failure to exhaust is an affirmative defense upon which a defendant bears the burden of proof, *see Jones v. Bock*, 549 U.S. 199, 216 (2007), the Court must ensure that "no reasonable trier of fact could find other than for [Defendants]." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986).

The Supreme Court has held that a prisoner properly exhausts a claim for purposes of 42 U.S.C. § 1997e(a) by complying with the prison's "deadlines and other critical procedural rules." *Woodford v. Ngo*, 548 U.S. 81, 90-93 (2006). In *Jones*, the Court reiterated:

> Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to "properly exhaust." The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion.

*Jones*, 549 U.S. at 218. A prisoner incarcerated with the MDOC must "pursue a grievance through all three steps of the grievance process [set forth in MDOC Policy Directive 03.02.130]." *Weatherspoon v. Strahan*, No. 18-2210, 2019 WL 5306842, at *1 (6th Cir. June 4, 2019). This process must be completed at all levels prior to filing an action in federal court. *Freeman v. Francis*, 196 F.3d 641, 645 (6th Cir. 1999).

3

In support of their motion, Defendants attach a Step III Grievance Report for Plaintiff dated July 31, 2024, which shows the grievances arising out of ICF that Plaintiff initiated at Step I in or after December 2022. (ECF No. 22-3.) The Step III report shows that Plaintiff pursued only one grievance through Step III that he filed at Step I in December 2022, Grievance ICF-22-12-1419-28B, but Plaintiff filed this grievance on December 13, 2022—eleven days prior to the incidents that occurred on December 24, 2022, which form the basis for Plaintiff claims in this action. Thus, Grievance ICF-22-12-1419-28B could not have exhausted Plaintiff's claims against Defendants Cook, Jones, Keebaugh, and Beeler.

Defendants have met their burden of showing that they are entitled to summary judgment based on Plaintiff's failure to exhaust his conditions of confinement claims against them.

## CONCLUSION

For the foregoing reasons, I recommend that Defendants' motion for summary judgment (ECF No. 21) be **granted** and that Plaintiff's claims against Defendants Cook, Jones, Keebaugh, and Beeler be **dismissed without prejudice**.

Dated: January 13, 2025                                      /s/ Sally J. Berens
                                                             SALLY J. BERENS
                                                             U.S. Magistrate Judge

## NOTICE

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).